**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Merle Van Skiver, | No. CV 05-1516-PHX-SRB (GEE) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

Plaintiff Daniel Merle Van Skiver, confined in the Arizona State Prison Complex-Douglas-MSU, in Douglas, filed an amended *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 regarding his conditions of confinement while he was held in Maricopa County's Durango Jail. (Doc.# 9.)[1] The Court will order Defendant Arpaio to answer the Amended Complaint.

**Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] "Doc.#" refers to the docket number of documents filed in this action.

**TERMPSREF**

**Complaint**

Van Skiver filed his original Complaint on May 20, 2005. In Count I, he alleged that the meals served to inmates provided insufficient nutrition and frequently contained spoiled items and were served cold. In Counts II and III, he alleged that severe overcrowded at Durango Jail posed a danger to inmates from assault and unsanitary conditions. He further alleged a violation of his constitutional rights contrary to Hart v. Hill, No. CIV 77-0479-PHX-EHC (D. Ariz).

The court screened the complaint on July 18, 2006, dismissed the Hart claim and ordered service on the defendant, Arpaio.

Van Skiver filed his Amended Complaint on August 4, 2006. In the Amended Complaint, Van Skiver deleted his Hart claim and reasserted his prior allegations in Counts I, II, and III.

For the reasons stated in the court's order of July 18, 2006, the court again concludes that "Plaintiff sufficiently states claims against Arpaio, who will be required to answer."

The Amended Complaint supersedes the original Complaint in its entirety. The defendant need not answer the original Complaint.

**Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

**D. Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendant Arpaio must answer Counts I-III.

(2) Defendant must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of the Federal Rules of Civil Procedure. He no longer need answer the original Complaint.

(3) Any answer or responsive pleading must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

DATED this 29th day of August, 2006.

_____
Glenda E. Edmonds
United States Magistrate Judge